FILED - CLERK
U.S. DISTRICT COURT

2007 MAR 29  AM 10:32

TX EASTERN - LUFKIN

BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANNIE LEE THOMAS,<br>W.T. THOMAS AND VERNELL<br>HICKS, Heirs of<br>the Estate of<br>T.W. THOMAS, DECEASED<br>Plaintiffs | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 9:07cv71<br>Jury Trial Demanded |
| PFIZER, INC.<br>Defendant | §<br>§<br>§ | JUDGE HEARTFIELD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel, come ANNIE LEE THOMAS, W.T. THOMAS AND VERNELL HICKS, lawful heirs of T.W. THOMAS, DECEASED, who file this Complaint and allege the following upon information and belief:

1.

This is an action for damages sustained by T.W. Thomas, Deceased, who died on February 28, 2005, of illnesses unrelated to the subject matter of this suit. This action is instituted as a result of defendant's wrongful conduct including, but not limited to, the manufacturing, distribution, testing, labeling and selling of the prescription drug Celebrex.

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction). The amount in controversy exceeds $75,000.00 exclusive of interest and costs. There is complete diversity of citizenship between the plaintiffs and the defendant.

3.

Venue is proper in this District pursuant to 28 U.S.C. 1391(a), as T.W. Thomas, Deceased, obtained, purchased and used the prescription medication that forms the basis of this

lawsuit in this Federal District of Texas, resided within the District, and defendant marketed, advertised and distributed Celebrex in this District.

4.

Defendant, Pfizer, is the manufacturer, marketer, wholesaler, distributor and/or seller of Celebrex, and is a foreign corporation organized under the laws of the State of Delaware and is authorized to do business in the State of Texas. Defendant may be served with process by serving its registered agent:

**CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.**

5.

Pfizer, Inc. does substantial business in the State of Texas and within this Federal District, and at all times relevant hereto, it developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce and Texas, the aforementioned prescription drug.

6.

At all times material to this action, T.W. Thomas, Deceased was a resident of Center, Shelby County, Texas. Your Plaintiffs, Annie Lee Thomas, W.T. Thomas and Vernell Hicks are residents of Shelby County, Texas.

7.

T.W. Thomas, Deceased ingested Celebrex as prescribed by Dr. Michael Neal. On or about March 2, 2003, Mr. Thomas suffered a debilitating cerebrovascular accident (CVA), as a result of his ingestion of Celebrex. This stroke rendered him totally disabled and unable to care for himself.

8.

At all times relevant herein, T.W. Thomas, Deceased was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.

This action was instituted to recover damages for personal injury and equitable relief against defendant, Pfizer, Inc., who tested, marketed, distributed, promoted, and sold Celebrex, which T.W. THOMAS, Deceased took after it was prescribed to him, and, as a result thereof, suffered damages in the form of a stroke on March 2, 2003, and its lasting effects.

10.

The product in question was designed, formulated, patented, marketed, sold, tested and ultimately distributed by the Defendant as "Celebrex."

11.

Celebrex (celecoxib) is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant began marketing the drug Celebrex, a Cox-2 inhibitor, as a safe, effective medication for the relief of both chronic and acute pain associated with inflammation.

12.

As a selective Cox-2 inhibitor, Celebrex acts to reduce prostacyclin, a vasodilator and inhibitor of platelet aggregation, in order to reduce inflammation and pain associated with inflammation.

13.

Defendant undertook studies prior to 1998 that revealed that the drug was likely to pose serious cardiovascular problems including, but not limited to, stroke, myocardial infarction, transient ischemic attacks, blood clots, and/or hypertension, and presented a specific additional threat to persons with existing heart disease or cardiovascular risk factors.

14.

Despite having this knowledge, Defendant failed to provide the Food and Drug Administration (FDA) with information that revealed the dangers associated with the use of Celebrex.

15.

Post-marketing studies revealed an increased risk of cardiovascular events (myocardial infarction, stroke, cardiovascular deaths) in patients taking selective Cox-2 inhibitors.

16.

Despite these results, Defendant denied that Celebrex caused any cardiovascular problems and aggressively marketed the drug, to physicians and directly to consumers, as safe to use for the relief of chronic and acute pain.

17.

Even after Merck voluntarily withdrew a similar selective Cox-2 inhibitor, Vioxx, from the market in September, 2004 and researchers reported similar findings with Bextra in November, 2004, Pfizer continued to publicly proclaim the safety of Celebrex. Defendant ignored the results, and misrepresented the results to the FDA, of studies that recognized, among other things, the increased thrombotic (blood clotting) properties of the blood thereby leading to increased thrombotic adverse events such as stroke, heart attack, pulmonary embolism, kidney failures and deep venous thrombosis.

18.

Celebrex was a multi-billion dollar moneymaker for Defendant who continued to deny any adverse cardiovascular risks were associated with use of the drug, instead, Defendant continued to aggressively advertise and market Celebrex, both directly to consumers and to physicians, as a safe and effective means of eliminating inflammatory pain.

19.

On or about April 7, 2005, as reported in the Wall Street Journal, the FDA had to ask Defendant to withdraw Bextra, another selective Cox-2 inhibitor, from the market, which was also manufactured by Defendant, Pfizer.

20.

Despite years of studies of Cox-2 inhibitors, as well as disturbing new studies specifically analyzing the risks associated with Celebrex and Bextra, Defendant failed to take any action to protect the health and welfare of patients and instead continue to offer Celebrex for sale.

21.

Defendant breached obligations associated with Celebrex including, but not limited to, its testing, the manufacture, design, warning, marketing, and sale of Celebrex.

22.

Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant negligent per se.

23.

Defendant expressly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that Celebrex was safe, effective, fit and proper for its intended use.

24.

In using Celebrex, the Plaintiff relied on the skill, judgment, representations, and foregoing express warranties of the Defendant. These warranties and representations proved to be false because the product was not safe and was unfit for the uses for which it was intended.

25.

As a direct and proximate result of Defendant's breaches of warranties, Plaintiff was injured and suffered damages.

26.

Defendant was aware of the substantial risks from taking Celebrex but failed to fully disclose same.

27.

Had Plaintiff been aware of the defects contained in Celebrex, Plaintiff would not have purchased this medication. This characteristic rendered it unfit for its intended purposes.

28.

Defendant has breached the implied warranty of merchantability in that Celebrex was not reasonably fit for the purposes for which it was sold, intended, or reasonably foreseen, to be used. Moreover, the Celebrex manufactured and sold by Defendant was defective on the date of its delivery to Plaintiff.

29.

Defendant has also breached the implied warranty of fitness for a particular purpose. Celebrex is not reasonably fit for the specific purposes for which Defendant knowingly sold it and for which the Plaintiff bought Celebrex in reliance on Defendant.

30.

Plaintiff has suffered damages as a result of Defendant's breach of warranty.

31.

Defendant has a duty to exercise the necessary degree of care expected and required of manufacturers of health care products. Defendant deviated from that duty by failing to warn of the risks of the uses of Celebrex.

32.

As a result of Defendant's negligence, Plaintiffs have been injured and sustained damages. These damages are the actual and proximate result of Defendant's breach of the applicable duty of care.

33.

Defendant had control of the design, assembly, packaging, marketing, advertising, manufacturing, labeling, testing, promotion, distribution and/or sale of the drug Celebrex and did so in a negligent fashion.

34.

At all times material hereto, defendant either knew or should have known that the drug Celebrex was causally related to and associated with severe and life threatening complications and side effects.

35.

Although defendant knew or should have known that dangerous risks were associated with the use of Celebrex, defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

36.

Defendant failed to adequately warn plaintiff of the hazards of Celebrex and concealed this knowledge from the plaintiff and others. As a result of this failure, plaintiff was caused to suffer the injury and damages as set forth herein.

37.

Although defendant knew or should have known that dangerous risks were associated with the use of Celebrex, defendant proceeded to or permitted the drug to be advertised, promoted and/or sold without adequate warnings of the serious side effects and dangerous risks.

38.

Defendant, Pfizer, Inc. falsely misrepresented and concealed pertinent facts regarding the drug Celebrex including, without limitation, the absence of adequate testing of the drug, the severity and frequency of side effects, and adverse medical conditions caused by the drug.

39.

Defendant, Pfizer, Inc. failed to take measures to ensure that the end user of the drug was notified fully and completely of the risks of Celebrex, and/or that physicians, pharmacists and health care providers were notified of these risks.

40.

Celebrex contains a vice or defect which renders it either absolutely useless, or renders its use so inconvenient and imperfect that buyers would not have purchased it had they known of this vice or defect.

41.

The damages in question arose from a reasonably anticipated use of the product in question.

42.

Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Celebrex. Defendant marketed Celebrex which was in a dangerous and defective condition and was defective in design and formulation by reason of which said drug was unreasonably dangerous to the user thereof. Celebrex was dangerous and defective at the time it was marketed by defendant, and at the time it was ingested by plaintiff.

43.

Said dangerous and defective condition proximately caused the injuries alleged herein to plaintiff while the product was used for its ordinary intended purpose and in the ordinary intended manner. The injuries alleged herein to plaintiff, and damages suffered were the direct and proximate result of the marketing and sale by defendant of the defective and unreasonably dangerous product, Celebrex.

44.

Defendant failed to properly and adequately test Celebrex.

45.

Plaintiff was prescribed and took Celebrex and suffered severe and debilitating injuries and damages as a result.

46.

Defendant failed to adequately warn consumers of the harmful side effects and potential adverse health effects of Celebrex.

47.

As a result of the individual, combined and concurring acts and omissions of Defendant, Pfizer, Inc., Defendant caused or contributed to cause Plaintiffs and Plaintiffs' Decedent to sustain damages.

As a result of his ingestion and use of Celebrex, T.W. Thomas, Deceased, sustained the following non exclusive list of damages for which his heirs are entitled to recover under the Texas Civil Practice and Remedies Code, §71.021, in an amount to be determined by the enlightened conscience of the jury:

A. Physical Injuries including cerebrovascular accident (CVA) on Mach 2, 2003;

B. Loss of enjoyment of life;

C. Past and future mental pain and suffering;

D. Inconvenience;

E. Past and future mental anguish;

F. Past and future physical pain, suffering and disability;

G. Medical expenses;

H. Other damages to be proven at the trial of this matter.

PUNITIVE DAMAGES

48.

The conduct of Defendant, as set forth hereinabove, was intentional, willful, wanton, oppressive, malicious and reckless, evidencing such an entire want of care as to raise the presumption of a conscious indifference to the consequences in that Defendant acted only out of self interest and personal gain. Such conduct evidences a specific intent to cause harm to Plaintiff. Accordingly, punitive damages should be imposed against Defendant pursuant to applicable law, to punish and deter each such Defendant from repeating or continuing such unlawful conduct.

WHEREFORE, PLAINTIFFS PRAY:

(A)   that process issue according to law;

(B)   that defendant be served with a copy of Plaintiffs' Complaint and show cause why the prayers for relief requested by Plaintiffs should not be granted;

(C)   that Plaintiffs be granted a trial by jury in this matter;

(D)   that the Court enter judgment for Plaintiffs against Defendant for the injuries suffered by T.W. Thomas, in an amount to be determined by the enlightened conscience of the jury;

(E)   that the Court enter judgment for Plaintiffs against Defendant for any other damages allowable by law;

(F)   that the Court enter judgment against Defendant for all other general and compensatory damages allowable to Plaintiffs;

(G)   that the Court enter judgment against each Defendant for all other special damages allowable to Plaintiffs;

(H)   that the Court enter judgment against Defendant serving to award Plaintiffs punitive damages under applicable law;

(I)   that the Court enter judgment against Defendant for all other relief sought by Plaintiffs under this complaint;

(J)   that the costs of this action be cast upon Defendant;

(K) that the Court grant Plaintiffs such other and further relief to which the Court deems just and appropriate.

Respectfully submitted,

/s/ Matthew E. Lundy
Matthew E. Lundy, Esq.
Texas State Bar No. 12697300

LUNDY & DAVIS, L.L.P.
333 North Sam Houston Pkwy E, Suite 375
Houston, TX 77060-2487
PHONE: (281) 272-0797
FAX: (281) 272-0781
and
501 Broad Street
Lake Charles, Louisiana 70601

ATTORNEY IN CHARGE FOR PLAINTIFFS

Vance Andrus, Esq.
*Andrus, Boudreaux, Lemoine & Tonore*
416 W. Main Street
Lafayette, LA 70501
(337) 233-3075 Phone
(337) 233-3375 Facsimile

Richard J. Arsenault, Esq.
*Neblett, Beard & Arsenault*
2220 Bonaventure Court
Alexandria, LA 71301
(318) 487-9874 Phone
(318) 561-2591 Facsimile

Bryan F. Aylstock, Esq.
Justin G. Witkin, Esq.
Neil D. Overholtz, Esq.
Douglass A. Kreis, Esq.
*Aylstock, Witkin & Sasser, PLC*
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503-1909
(850) 916-7450 Phone
(850) 916-7449 Facsimile

Dawn M. Barrios, Esquire
Bruce Kingsdorf, Esquire
*Barrios, Kingsdorf & Casteix, L.L.P.*
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
(504) 524-3300 Phone
(504) 524-3313 Facsimile                    Co-Counsel for Plaintiff