1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendant
14  PFIZER INC.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX<br>MARKETING, SALES PRACTICES AND<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699<br><br>CASE NO. 3:07-cv-02840-CRB |
| *This document relates to* | |
| ANNIE LEE THOMAS, W.T. THOMAS, and<br>VERNELL HICKS, Heirs of the Estate of T.W.<br>THOMAS, Deceased, | **PFIZER INC., PHARMACIA<br>CORPORATION, AND G.D.<br>SEARLE LLC'S ANSWER TO<br>COMPLAINT** |
| Plaintiffs, | **JURY DEMAND ENDORSED<br>HEREIN** |
| vs. | |
| PFIZER, INC., | |
| Defendant. | |

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Decedent was prescribed or used Celebrex® (celecoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Celebrex®.

## II.

## ANSWER

1.    Defendant admits that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies any wrongful conduct and denies the remaining allegations contained in this paragraph of the Complaint.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, denies

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies committing a tort within the States of Texas and California and denies the remaining allegations in this paragraph of the Complaint.

4.     Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that Pfizer is a Delaware corporation with its principal place of business in New York, that it is registered to do business in Texas, and that it may be served through its registered agent in Texas.  Defendant denies the remaining allegations in this paragraph of the Complaint.

5.     Defendant admits that Pfizer does business in Texas and California.  Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States, including Texas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' and Decedent's citizenship, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies that Celebrex® caused Plaintiffs or Decedent injury or damage and denies the remaining allegations in this paragraph of the Complaint.

8.     Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

1    Defendant denies the remaining allegations in this paragraph of the Complaint.

2    9.    Defendant is without knowledge or information sufficient to form a belief as to the truth

3    of the allegations in this paragraph of the Complaint regarding whether Decedent used

4    Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

5    time, it marketed and co-promoted Celebrex® in the United States to be prescribed by

6    healthcare providers who are by law authorized to prescribe drugs in accordance with their

7    approval by the FDA.  Defendant denies that Celebrex® caused Plaintiffs or Decedent injury or

8    damage and denies the remaining allegations in this paragraph of the Complaint.

9    10.    Defendant admits that, during certain periods of time, it marketed and co-promoted

10    Celebrex® in the United States to be prescribed by healthcare providers who are by law

11    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

12    the remaining allegations in this paragraph of the Complaint.

13    11.    Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as

14    non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendant admits that, during certain

15    periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed

16    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

17    approval by the FDA.  Defendant states that Celebrex® is a prescription medication which is

18    approved by the FDA for the following indications: (1) for relief of the signs and symptoms of

19    osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for

20    the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to

21    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP)

22    as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and

23    symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile

24    rheumatoid arthritis in patients two years of age and older.  Defendant states that Celebrex®

25    was and is safe and effective when used in accordance with its FDA-approved prescribing

26    information.  Defendant denies the remaining allegations in this paragraph of the Complaint.

27    12.    Defendant states that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

28    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

2   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendant

3   states that Celebrex® is a prescription medication which is approved by the FDA for the

4   following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of

5   the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain

6   in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of

7   adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

8   care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

9   spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in

10  patients two years of age and older.  Defendant denies the remaining allegations in this

11  paragraph of the Complaint.

12  13.    Defendant states that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendant states that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which at all times was adequate and comported with applicable standards of care and law.

16  Defendant denies the remaining allegations in this paragraph of the Complaint.

17  14.    Defendant states that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendant states that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which at all times was adequate and comported with applicable standards of care and law.

21  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

22  of the Complaint.

23  15.    Defendant states that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which at all times was adequate and comported with applicable standards of care and law.

27  Defendant denies the allegations in this paragraph of the Complaint.

28  16.    Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant states that the allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendant, and, therefore, no response is required. To the extent that a response is deemed required, Defendant admits that Vioxx® was withdrawn from the United States market on September 30, 2004. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant states that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and full text. Any attempt to characterize the article is denied. Defendant admits that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005. Defendant denies the remaining allegations in this paragraph Complaint.

20.    Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendant states that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which at all times was adequate and comported with applicable standards of care and law.

4   Defendant denies the remaining allegations in this paragraph of the Complaint.  Defendant

5   denies any wrongful conduct and denies the remaining allegations in this paragraph of the

6   Complaint.

7   21.      Defendant denies any wrongful conduct and denies the remaining allegations in this

8   paragraph of the Complaint.

9   22.      Defendant is without knowledge or information sufficient to form a belief as to the truth

10   of the allegations in this paragraph of the Complaint regarding whether Decedent used

11   Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct and denies

12   the remaining allegations in this paragraph of the Complaint.

13   23.      Defendant states that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant states that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which at all times was adequate and comported with applicable standards of care and law.

17   Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®.

18   Defendant denies the remaining allegations in this paragraph of the Complaint.

19   24.      Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in this paragraph of the Complaint regarding whether Decedent used

21   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

22   and effective when used in accordance with its FDA-approved prescribing information.

23   Defendant states that the potential effects of Celebrex® were and are adequately described in its

24   FDA-approved prescribing information, which at all times was adequate and comported with

25   applicable standards of care and law.  Defendant denies any wrongful conduct and denies the

26   remaining allegations in this paragraph of the Complaint.

27   25.      Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or

28   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-7-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Complaint.

2  26.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which at all times was adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7  of the Complaint.

8  27.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9  of the allegations in this paragraph of the Complaint regarding whether Decedent used

10  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

11  and effective when used in accordance with its FDA-approved prescribing information.

12  Defendant states that the potential effects of Celebrex® were and are adequately described in its

13  FDA-approved prescribing information, which at all times was adequate and comported with

14  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

15  Celebrex® is defective, and denies the remaining allegations in this paragraph of the

16  Complaint.

17  28.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18  of the allegations in this paragraph of the Complaint regarding whether Decedent used

19  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

20  and effective when used in accordance with its FDA-approved prescribing information.

21  Defendant states that the potential effects of Celebrex® were and are adequately described in its

22  FDA-approved prescribing information, which at all times was adequate and comported with

23  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

24  Celebrex® is defective, and denies the remaining allegations in this paragraph of the

25  Complaint.

26  29.    Defendant states that this paragraph of the Complaint contains legal contentions to

27  which no response is required.  To the extent a response is deemed required, Defendant is

28  without knowledge or information sufficient to form a belief as to the truth of the allegations in

1  this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore,

2  denies the same.  Defendant states that Celebrex® was and is safe and effective when used in

3  accordance with its FDA-approved prescribing information.  Defendant states that the potential

4  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

5  information, which at all times was adequate and comported with applicable standards of care

6  and law.  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and

7  denies the remaining allegations in this paragraph of the Complaint.

8  30.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or

9  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

10  Complaint.

11  31.     Defendant states that this paragraph of the Complaint contains legal contentions to

12  which no response is deemed required.  To the extent a response is deemed required, Defendant

13  admits that it has duties as are imposed by law but denies having breached such duties.

14  Defendant states that Celebrex® was and is safe and effective when used in accordance with its

15  FDA-approved prescribing information.   Defendant states that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

19  of the Complaint.

20  32.     Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or

21  Decedent injury or damage, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  33.     Defendant admits that, during certain periods of time, it marketed and co-promoted

24  Celebrex® in the United States to be prescribed by healthcare providers who are by law

25  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

26  any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

27  34.     Defendant states that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-9-

Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the allegations in this paragraph of the Complaint.

35.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

37.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

38.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which at all times was adequate and comported with applicable standards of care and law.

2  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

3  of the Complaint.

4  39.    Defendant states that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendant states that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which at all times was adequate and comported with applicable standards of care and law.

8  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

9  of the Complaint.

10  40.    Defendant denies that Celebrex® is defective and denies the remaining allegations in

11  this paragraph of the Complaint.

12  41.    Defendant is without knowledge or information sufficient to form a belief as to the truth

13  of the allegations in this paragraph of the Complaint regarding whether Decedent used

14  Celebrex®, and, therefore, denies the same.  Defendant denies that Celebrex® caused Plaintiffs

15  or Decedent injury or damage and denies the remaining allegations in this paragraph of the

16  Complaint.

17  42.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18  of the allegations in this paragraph of the Complaint regarding whether Decedent used

19  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

20  and effective when used in accordance with its FDA-approved prescribing information.

21  Defendant states that the potential effects of Celebrex® were and are adequately described in its

22  FDA-approved prescribing information, which at all times was adequate and comported with

23  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

24  Celebrex® is defective, and denies the remaining allegations in this paragraph of the

25  Complaint.

26  43.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27  of the allegations in this paragraph of the Complaint regarding whether Decedent used

28  Celebrex®, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

that Celebrex® is defective, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

44.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same. Defendant denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

46.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

47.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 47 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

48.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 48 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

response is required.  To the extent that a response is deemed required, Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiffs or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

## III.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6.      Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.      Plaintiffs' claims against Defendant are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.     Any injuries or expenses incurred by Plaintiffs or Decedent were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.     Defendant affirmatively denies that it violated any duty owed to Plaintiffs or Decedent.

**Twelfth Defense**

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

**Thirteenth Defense**

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18.     Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs and Decedent knew or should have known of any risk associated with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 | Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

2 | **Twentieth Defense**

3 | 20.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are

4 | preempted in accordance with the Supremacy Clause of the United States Constitution and by

5 | the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

6 | **Twenty-first Defense**

7 | 21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

8 | the subject pharmaceutical product at issue was subject to and received pre-market approval by

9 | the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

10 | **Twenty-second Defense**

11 | 22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in

12 | Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

13 | and Plaintiffs' causes of action are preempted.

14 | **Twenty-third Defense**

15 | 23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

16 | jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

17 | issue under applicable federal laws, regulations, and rules.

18 | **Twenty-fourth Defense**

19 | 24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

20 | action concerning matters regulated by the Food and Drug Administration under applicable

21 | federal laws, regulations, and rules.

22 | **Twenty-fifth Defense**

23 | 25.    Plaintiffs' claims are barred in whole or in part because Defendant provided adequate

24 | "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

25 | of Comment j to § 402A of the Restatement (Second) of Torts.

26 | **Twenty-sixth Defense**

27 | 26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

28 | because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Restatement (Second) of Torts § 402A, Comment k.

2  **Twenty-seventh Defense**

3  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

4  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

5  to § 6 of the Restatement (Third) of Torts: Products Liability.

6  **Twenty-eighth Defense**

7  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

8  Products Liability.

9  **Twenty-ninth Defense**

10  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

11  facts sufficient under the law to justify an award of punitive damages.

12  **Thirtieth Defense**

13  30.    Defendant affirmatively avers that the imposition of punitive damages in this case

14  would violate Defendant's rights to procedural due process under both the Fourteenth

15  Amendment of the United States Constitution and the Constitutions of the States of Texas and

16  California, and would additionally violate Defendant's rights to substantive due process under

17  the Fourteenth Amendment of the United States Constitution.

18  **Thirty-first Defense**

19  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

20  Fourteenth Amendments to the United States Constitution.

21  **Thirty-second Defense**

22  32.    The imposition of punitive damages in this case would violate the First Amendment to

23  the United States Constitution.

24  **Thirty-third Defense**

25  33.    Plaintiffs' punitive damage claims are preempted by federal law.

26  **Thirty-fourth Defense**

27  34.    In the event that reliance was placed upon Defendant's nonconformance to an express

28  representation, this action is barred as there was no reliance upon representations, if any, of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendant.

2  **Thirty-fifth Defense**

3  35.     Plaintiffs and Decedent failed to provide Defendant with timely notice of any alleged

4  nonconformance to any express representation.

5  **Thirty-sixth Defense**

6  36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without

7  proof of causation, the claims violate Defendant's rights under the United States Constitution.

8  **Thirty-seventh Defense**

9  37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

10  labeling with respect to the subject pharmaceutical products were not false or misleading and,

11  therefore, constitute protected commercial speech under the applicable provisions of the United

12  States Constitution.

13  **Thirty-eighth Defense**

14  38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

15  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

16  law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

17  protections afforded by the United States Constitution, the excessive fines clause of the Eighth

18  Amendment of the United States Constitution, the Commerce Clause of the United States

19  Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

20  applicable provisions of the Constitutions of the States of Texas and California.  Any law,

21  statute, or other authority purporting to permit the recovery of punitive damages in this case is

22  unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

23  constitutionally sufficient standards to guide and restrain the jury's discretion in determining

24  whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

25  it failed to provide adequate advance notice as to what conduct will result in punitive damages;

26  (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied

27  with applicable law, or conduct that was not directed, or did not proximately cause harm, to

28  Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the

2  amount of compensatory damages, if any; (5) permits jury consideration of net worth or other

3  financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be

4  applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

5  constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

6  otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

7  *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

8  *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

9  (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

11  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

12  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

13  instructions with respect to the product's use in the package insert and other literature, and

14  conformed to the generally recognized, reasonably available, and reliable state of the

15  knowledge at the time the product was marketed.

### Fortieth Defense

17  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

18  tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

19  existing at the time of the sale.

### Forty-first Defense

21  41.    If Plaintiffs and Decedent have sustained injuries or losses as alleged in the Complaint,

22  upon information and belief, such injuries and losses were caused by the actions of persons not

23  having real or apparent authority to take said actions on behalf of Defendant and over whom

24  Defendant had no control and for whom Defendant may not be held accountable.

### Forty-second Defense

26  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

27  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

28  intended, and was distributed with adequate and sufficient warnings.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedent, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs or Decedent.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedent.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendant states on information and belief that the Complaint and each purported cause

of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.   Therefore, Plaintiffs' recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.007.

### Fifty-ninth Defense

59.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 82.003.

### Sixtieth Defense

60.    Plaintiffs' causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

### Sixty-first Defense

61.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, Defendant, and responsible third-party that may be joined in the suit.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-second Defense

62.    If Plaintiffs settle with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

### Sixty-third Defense

63.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Sixty-fourth Defense

64.    Plaintiffs' claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

### Sixty-fifth Defense

65.    Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

### Sixty-sixth Defense

66.    Plaintiffs' claims are barred in whole or in part by the doctrine of informed consent. Decedent was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Decedent gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

### Sixty-seventh Defense

67.    The duty to obtain Decedent's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-eighth Defense

68.    Plaintiffs may not assert a claim against Defendant for negligent misrepresentation as Plaintiffs and Decedent did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

### Sixty-ninth Defense

69.    Plaintiffs' claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Seventieth Defense**

70.    Plaintiffs' claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiffs or Decedent relied did not constitute a misrepresentation of material facts.

**Seventy-first Defense**

71.    Plaintiffs' claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

**Seventy-second Defense**

72.    Plaintiffs' claims for breach of warranty are barred in whole or in part because Plaintiffs and Decedent are not in privity with Defendant.

**Seventy-third Defense**

73.    Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Seventy-fourth Defense**

74.    Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Seventy-fifth Defense**

75.    Plaintiffs have failed to allege conduct warranting imposition of punitive damages under Texas law.

**Seventy-sixth Defense**

76.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

**Seventy-seventh Defense**

77.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in § 41.008(b).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Seventy-eighth Defense

78.     Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

### Seventy-ninth Defense

79.     No act or omission of Defendant was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### Eightieth Defense

80.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing from Defendant by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendant be awarded its costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendant in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

6.     That Defendant has such other and further relief as the Court deems appropriate.

1    September 14, 2007                          GORDON & REES LLP

2

3                                               By: :_____/s/_____

4                                                   Stuart M. Gordon
                                                    sgordon@gordonrees.com
5                                                   Embarcadero Center West
                                                    275 Battery Street, 20th Floor
6                                                   San Francisco, CA 94111
                                                    Telephone:  (415) 986-5900
7                                                   Fax:  (415) 986-8054

8    September 14, 2007                          TUCKER ELLIS & WEST LLP

9

10                                              By: :_____/s/_____

11                                                  Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
12                                                  515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071
13                                                  Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409
14
                                                    Attorneys for Defendant
15                                                  PFIZER INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-26-
ANSWER TO COMPLAINT – 3:07-cv-02840-CRB

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

September 14, 2007                         GORDON & REES LLP


                                           By: : _____/s/_____
                                               Stuart M. Gordon
                                               sgordon@gordonrees.com
                                               Embarcadero Center West
                                               275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
                                               Telephone: (415) 986-5900
                                               Fax: (415) 986-8054


September 14, 2007                         TUCKER ELLIS & WEST LLP


                                           By: : _____/s/_____
                                               Michael C. Zellers
                                               michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071
                                               Telephone: (213) 430-3400
                                               Fax: (213) 430-3409

                                               Attorneys for Defendant
                                               PFIZER INC.